■ ROLAND's ELECTRIC, INC., Appellant, v USA ILLUMINATION, INC., Respondent, et al., Defendant. [934 NYS2d 157]—

Although we find that the motion court properly exercised its discretion in declining to strike USA's answer, we grant the alternative relief that plaintiff seeks. The record shows that since 2008, USA, the manufacturer and/or distributor of the emergency light fixture alleged to have caused injury to the plaintiff in the underlying suit, has failed to respond and/or has furnished inadequate responses to plaintiff's numerous discovery requests, including requests to produce basic documents pertaining to the subject emergency light fixture, such as specifications, blueprints, installation instructions, warranty information, repair requests, complaints and work orders. As plaintiff notes, "Counsel for USA has furnished spurious objections to patently appropriate demands, declined to furnish materials clearly in their possession until their own witness testified to the materials' existence, provided illegitimate and inapplicable responses, and failed to supplement their own stop-gap responses to ongoing demands."

USA maintains that it has no documents in its possession relating to most of the requests, including no documents concerning the emergency lighting fixture's testing, plans, schematics, instruction manual, or installation instructions, and no purchase receipts for component parts, nor documents sufficient to identify USA employees who maintained the fixtures' purchase and sales records.

Plaintiff rightfully asserts that it "cannot simply take it on faith that these basic records cannot be located," especially when the witness produced by USA admittedly did not conduct any searches himself for, inter alia, repair requests, work orders, or documents reflecting complaints, while employed by USA or during the pendency of both actions. USA has furnished no proof that it is no longer a functioning

entity or that counsel is unable to obtain documents. Indeed, the witness produced on behalf of USA testified in December 2010 that USA is still a functioning business.* Accordingly, we grant plaintiff's request to compel USA to produce documents and materials responsive to plaintiff's notice of discovery and inspection, dated December 6, 2010, and following such responses to produce a witness with knowledge for examination before trial on the issues raised herein. With respect to any discovery requests as to which USA claims no responsive documents can be located, USA is directed to provide an affidavit from the custodian of records setting forth, at a minimum (1) the qualifications of the affiant; (2) a description of the diligent and reasonable efforts made to locate and produce such records; (3) a meaningful explanation as to why such records are not now available; (4) the identity of the person generating the records and persons in the authorized chain of custody, and if unknown, an explanation should be provided; (5) the identity of the last known possessor of the records, and, if unknown, an explanation should be provided; (6) the locations where such records were kept; and (7) copies of any applicable document retention policies. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.

---

* Even if counsel for USA were to be believed that certain records are no longer available, similar records have been demanded by the parties to this litigation and in the underlying action since 2003. These records would have been available at some point during this span of time, yet USA has nonetheless failed to respond and/or furnished inadequate responses to discovery demands throughout this period.